# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| SAMANTHA RAJAPAKSE,<br><br>       Plaintiff,<br><br>vs.<br><br>WELLS ENTERPRISE and BLUE BUNNY ICE CREAM,<br><br>       Defendants. | No. C20-4002-LTS<br><br>**ORDER** |

      This matter is before me on plaintiff Samantha Rajapakse's pro se motion to proceed in forma pauperis (Doc. No. 1) and pro se 42 U.S.C. § 1983 complaint (Doc. No. 1-1). Plaintiff, a resident of Tennessee, alleges she ingested pieces of plastic that were included in food products produced by defendants in Iowa.

      The filing fee for a civil suit is $400.[1] *See* 28 U.S.C. § 1914(a) (requiring filing fee). For a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1).[2] Plaintiff filled out the standard form for applying to proceed in forma pauperis and states she makes $800 per month and that her salary is spent on basic expenses.

---

[1] This includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $50.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $50. . .")

[2] Despite an oft acknowledged typographical error, § 1915(a) applies to both prisoners and non-prisoners. *See Hayes v. United States*, 71 Fed. Cl. 366, 367 (2006), citing *e.g., Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997).

Plaintiff has a history of filing vexatious litigation in other federal courts. *See e.g., Rajapakse v. Lexington Asset Management, LLC*, C16-0097-CHS, Doc. Nos. 4, 74 (E. D. Tenn. 2017) (the court dismissed plaintiff's in forma pauperis complaint for failure to state a claim); *Rajapakse v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., et al.*, C13-2328-JDT Doc. Nos. 5, 15 (W.D. Tenn. 2013) (the court dismissed plaintiff's in forma pauperis complaint for failure to state a claim); *Rajapakse v. Credit Acceptance Corporation et al.*, C17-12970-MFL, Doc. Nos. 3, 143 (E. D. Michigan 2019) (the court dismissed plaintiff's in forma pauperis complaint for failure to state a claim and also discussed plaintiff's history of abusive filings); *Rajapakse v. Wells Fargo Home Mortg.*, C15-2216-JTF, 2015 WL 4164172, at *4 (W.D. Tenn. July 9, 2015) (the court dismissed plaintiff's in forma pauperis complaint for failure to state a claim. That court subsequently prohibited plaintiff from filing further in forma pauperis cases in that district without receiving leave from the court. C15-2216-JTF Doc. No. 52); *Rajapakse v. United States*, C13-391, 2013 WL 6039045, at *1 (Fed. Cl. Oct. 23, 2013) (the court dismissed plaintiff's in forma pauperis case for lack of subject matter jurisdiction); *Rajapakse v. United States*, C19-317, 2019 WL 1149954, at *3 (Fed. Cl. Mar. 12, 2019) (the court dismissed plaintiff's in forma pauperis case for lack of subject matter jurisdiction). If plaintiff were incarcerated she would be subject to 28 U.S.C. § 1915(g) which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Based on plaintiff's documented history of abusing judicial processes, I have concerns about allowing her to proceed in forma pauperis in this new case. In some situations, this court has denied in forma pauperis status to plaintiffs who are otherwise

2

eligible based on their abuse of the court system. In a recent opinion, Judge Williams denied a motion to proceed in forma pauperis, stating:

> After considering plaintiff's filings, along with his history, and the circumstances of this case, the Court denies the motions to proceed in forma pauperis. (19-CV-00003, Doc. 1 and 19-CV-00004, Doc. 1). This decision is based on multiple factors. First, plaintiff has a long and singularly egregious history of abusing the in forma pauperis system. "The in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure that indigent persons will have equal access to the judicial system." *Lee*, 231 F.3d at 458 (internal citations omitted). As noted by the District Court in Minnesota, cited above, plaintiff has filed over 150 cases in the last decade, almost all of which were dismissed as frivolous. In the Southern District of Iowa, plaintiff has filed seven cases in the last two years, six of which have been denied as frivolous. (The final case was recently filed and still pending.) If plaintiff were incarcerated, he would have long since been banned from applying to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). If plaintiff were an attorney, he would have been sanctioned for filing frivolous suits. Accordingly, plaintiff has had, and abused, equal access to the court system and nothing about the purpose of the in forma pauperis statute requires the Court to grant plaintiff's current motions.

*Emrit v. Soros, et al.*, C19- 0004-CJW, Doc. No. 2 at 4. However, in that case, the plaintiff's claims were almost certainly meritless and that the Northern District of Iowa was not the proper venue. *Id.*, at 3-5. Accordingly, even if the court had granted the motion to proceed in forma pauperis, Judge Williams likely would have dismissed that case upon a 28 U.S.C. § 1915(e)(2)(B)(ii) review.

In this case, an initial review does not reveal an obvious basis to deny plaintiff's complaint. Plaintiff's claim is based on products liability. She alleges that she is a resident of Tennessee, and that defendants, Iowa businesses, produced ice cream that contained plastic objects. Plaintiff alleges she accidently ingested the plastic and her damages were more than $75,000. Even in light of plaintiff's history, the claim she seeks to assert is plausible enough that it survives a § 1915(e)(2)(B)(ii) review. Accordingly, because plaintiff has not previously filed a frivolous motion in this district, her claim is

not clearly frivolous and she otherwise meets the requirements to proceed in forma pauperis, her motion to proceed in forma pauperis (Doc. No. 1) is **granted**.

The Clerk of Court's Office is directed to docket the complaint without the prepayment of fees. Additionally, the Clerk of Court's Office is **directed** to serve, via certified mail, the complaint along with a copy of this order and a waiver of service on defendants at the addresses listed in the complaint.

However, plaintiff is advised that she must comply with both the Local Rules and the Federal Rules of Civil Procedure as this case progresses. Among other things, plaintiff shall comply with Fed. R. Civ. P. 11(b) and, if she does not, will be subject to sanctions pursuant to Fed. R. Civ. 11(c).

**IT IS SO ORDERED.**

**DATED** this 21st day of January, 2020.

_____
Leonard T. Strand, Chief Judge

# NOTICE OF LAWSUIT,
## and REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO THE NAMED DEFENDANTS IN THE FOLLOWING CAPTIONED ACTION:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

SAMANTHA RAJAPAKSE,

    Plaintiff,

vs.

WELLS ENTERPRISE, et al.,

    Defendants.

No. C20-4002-LTS

---

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date:

.

    I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this ___21st day of January___, 2020

.

                                        By: /s/ des, Deputy Clerk
                                        Signature (Clerk's Office Official)
                                        Northern District of Iowa

**ACKNOWLEDGMENT OF RECEIPT OF
NOTICE OF LAWSUIT,
and WAIVER OF SERVICE OF SUMMONS**

(**Return **this** document within thirty days after \_\_\_\_1/21/2020\_\_\_\_, to the United States Clerk's Office in the envelope provided.)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| SAMANTHA RAJAPAKSE,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS ENTERPRISE, et al.,<br><br>    Defendants. | No. C20-4002-LTS |

    I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

    I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after \_\_\_\_1/21/2020\_\_\_\_, (the date Notice, Waiver and corresponding documents were sent).

Date _____   Signature _____

                                   Printed name _____

                                   As _____ of _____

                                               (Title)           (Entity)


Date _____   Signature _____

                                   Printed name _____

                                   As _____ of _____

                                               (Title)           (Entity)


## **Address Form**

Case Number: 20-CV-4002-LTS          Date:  1/21/2020

To:     Clerk of Court

RE:     Service on Named Defendants

Wells Enterprise
1 Blue Bunny Drive
LeMars, IA  51031

Blue Bunny Ice Cream
1 Blue Bunny Drive
LeMars, IA  51031